**Michael CALDWELL, Petitioner,**

v.

**Michael T. MALONEY, Successor to Larry E. Dubois, Respondent.**

**No. Civ.A. 95–30157–MAP.**

United States District Court,
D. Massachusetts.

July 8, 1998.

Alan J. Black, Alan Black, Springfield, MA, for Petitioner.

Anne Schultze Edwards, Attorney General's Office, Boston, MA, Nina L. Ross, Assistant Attorney General, Boston, MA, for Respondent.

## MEMORANDUM REGARDING RESPONDENT'S MOTION FOR STAY PENDING APPEAL AND PETITIONER'S MOTION FOR RELEASE ON BAIL PENDING APPEAL

PONSOR, District Judge.

On March 31, 1998, this court issued an order allowing the Petition for Habeas Corpus of Michael Caldwell on the ground that the Commonwealth of Massachusetts impermissibly used its peremptory challenges at petitioner's trial to exclude black potential jurors, in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The court's order required the Commonwealth to release Caldwell unless, by August 1, 1998, he is given a new trial. The Commonwealth has now moved for a stay of this order and the petitioner has moved for early release.

For the reasons set forth below, the court will deny the motion to stay but will extend

the date by which the Commonwealth must release the petitioner to September 4, 1998 to permit the respondent to submit an application for stay to the First Circuit or commence trial. The motion for release will also be denied, but with the understanding that, absent a stay from the First Circuit or commencement of trial in the state court, the petitioner will be released no later than September 4, 1998.

■ The seminal case regarding a stay in these circumstances is *Hilton v. Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). In this case, the Supreme Court established four criteria to be used in determining the appropriateness of issuing a stay: (1) petitioner's likelihood of success on the merits; (2) petitioner's irreparable injury; (3) impact on other parties interested in the proceeding, and (4) public interest. *Id.* at 776, 107 S.Ct. 2113.

■ The Supreme Court recognized in *Hilton* that Fed.R.App.P. 23(c) expresses a preference for release of successful habeas petitioners, but that this preference "may be overcome if the traditional stay factors tip the balance against it." *Id.* at 777, 107 S.Ct. 2113.

■ With regard to likelihood of success on the merits (and recognizing that the court may be affected by its assessment of the strength of its own decision) the court must conclude that the plaintiff holds the superior position. At Caldwell's trial four out of four potential black jurors were eliminated by the prosecutor, at least two of them for reasons so specious that, in the context of the entire case, these challenges were simply unsupportable. Even accepting that petitions offering *Batson* challenges face an uphill fight, this was a uniquely compelling petition.

Regarding the second factor, petitioner faces irreparable injury if forced to remain in prison pending an appeal of his unconstitutional conviction; the Commonwealth suffers no injury if the petitioner is released, for two reasons. First, the petitioner presents minimal, if any, likelihood of flight. He has no connections anywhere outside the Hampden County area. He has been offered a home by his mother Viola Caldwell McCoy, his sisters, Lesley L. McCoy, Teresa Caldwell and Sabrina R. McCoy, and other relatives. Two other members of the community, connected with his church, have offered Caldwell employment and other support. *See* Affidavits at Docket No. 44. He has strong family and community ties in this area, even after a lengthy incarceration, and no ties anywhere else.

Second, the petitioner would offer no significant risk of danger to the community. The Commonwealth's concern that the petitioner has not progressed well in prison, has declined to participate in rehabilitative programs and has refused to press forward with his eligibility for parole were, at first, disturbing to the court. Counsel has explained this phenomenon, however, by pointing out that the petitioner has continued to protest his innocence throughout his incarceration and has declined rehabilitative services on the ground that, since he is not a sex offender, he needs no such rehabilitation. While this may or may not be the case, and the court is certainly not in a position to know with certainty, it is a colorable explanation for the defendant's institutional behavior. In any event, it would be pure speculation to infer from Caldwell's decisions while in prison that he would present any danger to the community if released. In sum, the balance of harm favors petitioner here.

On the third factor, no evidence suggests that issuance of this stay will substantially injure other parties interested in the proceeding. The petitioner offers no risk to any witness who testified at his trial.

Finally, while considerations of public policy may be cited both in favor of, and against, the lifting of the stay, the Commonwealth enjoys no strong position on this factor. Obviously, if the Court of Appeals eventually decides that this court's allowance of the petition for habeas corpus was incorrect, public policy will require that the petitioner be immediately returned to complete his prison term. Any relief from that incarceration as a result of a modest period of release would in some respect violate public policy. On the other hand, if this court's decision is affirmed, Caldwell's continued incarceration now would constitute at least an equal of-

fense to public policy. Since this court cannot foresee the future, the calculation of this factor leads to a draw.

To conclude, recognizing the Rule 23 presumption and weighing the applicable criteria, the court will deny the respondent's motion for stay and petitioner's motion for early release. Petitioner will be released on or before September 4, 1998 unless a new trial is commenced before that date.